**IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA**

| | | |
|---|---|---|
| WRYSHONA ISAAC, individually, and as the Natural Parent and Guardian of Her Minor Children, | : | **CASE NO.:** |
| | : | **DIVISION:** |
| FEMALE CHILD AGE 15; | : | |
| FEMALE CHILD AGE 13; | : | |
| FEMALE CHILD AGE 9; | : | |
| MALE CHILD AGE 8 | : | |
| Plaintiff, | : | **VERIFIED COMPLAINT** |
| vs. | : | **FOR DECLARATORY** |
| | : | **and** |
| DUVAL COUNTY PUBLIC SCHOOLS; | : | **<u>INJUNCTIVE RELIEF</u>** |
| DR. NIKOLAI P. VITTI, in his Official Capacity as Superintendent of Duval County Public Schools; | : | |
| and | : | |
| CHERYL GRYMES, in her Official Capacity as a Member of the Duval County School Board; | : | |
| SCOTT SHINE, in his Official Capacity as a Member of the Duval County School Board; | : | |
| ASHLEY SMITH JUAREZ, in her Official Capacity as a Member of the Duval County School Board; | : | |
| PAULA D. WRIGHT, in her Official Capacity as a Member of the Duval County School Board; | : | |
| CONNIE HALL, in her Official Capacity as a Member of the Duval County School Board; | : | |



FILED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 05/17/2016 12:14:07 PM

BECKI COUCH, in her Official Capacity as :
a Member of the Duval County School Board; and :
JASON FISCHER, in his Official Capacity as :
a Member of the Duval County School Board; :
Defendants. :
_______________________________________/

Plaintiff, WRYSHONA ISAAC, individually, and as the natural parent and guardian of her minor children, FEMALE CHILD AGE 15, FEMALE CHILD AGE 13, FEMALE CHILD AGE 9, and MALE CHILD AGE 8, by her undersigned counsel, sues Defendants DUVAL COUNTY PUBLIC SCHOOLS; DR. NIKOLAI P. VITTI, in his Official Capacity as Superintendent of Duval County Public Schools; CHERYL GRYMES, SCOTT SHINE, ASHLEY SMITH JUAREZ, PAULA D. WRIGHT, CONNIE HALL, BECKI COUCH, and JASON FISCHER, each in their Official Capacity as Members of the Duval County School Board, and states:

Plaintiff seeks declaratory and injunctive relief against Defendants for adopting and establishing a policy of allowing students an unfettered right to use the bathroom or changing facility of their choice based on "gender identity." Plaintiff contends that the actions of Defendants denies her children a safe and supportive environment that would allow them to thrive and grow, and deprives them of the right to bodily privacy.

**ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff is a resident of Duval County, a citizen and taxpayer of the State of Florida, and the natural parent and guardian of her minor children (identified below) who each attend public school in Duval County:

   Female Child Age 15, attending Paxon School for Advanced Studies, 9th grade
   Female Child Age 13, attending Matthew Gilbert, 7th grade
   Female Child Age 9, attending R.L. Brown, 3rd grade
   Male Child Age 8, attending R.L. Brown, 2nd grade

2. Defendant DUVAL COUNTY PUBLIC SCHOOLS (hereinafter "DCPS") is a Florida school district charged by the State of Florida with the education of all education-age children in Duval County, Florida.

3. Defendant DR. NIKOLAI P. VITTI, is the Superintendent of DCPS and is in charge of implementing DCPS policies.

4. Defendants CHERYL GRYMES, SCOTT SHINE, ASHLEY SMITH JUAREZ, PAULA D. WRIGHT, CONNIE HALL, BECKI COUCH, and JASON FISCHER are duly elected members of the School Board of DCPS, and establish educational policies of DCPS.

5. This Court has subject matter jurisdiction over this action pursuant to Art..V., §20(c)(3), *Fla. Const.*, and §§26.012(3) and 86.011, *Fla. Statutes.*

6. Venue properly lies in Duval County, Florida because, *inter alia*, this action seeks to enjoin the implementation of educational policies of DCPS in Duval County.

7. All conditions precedent to the filing of this action have occurred, have been performed, or have been waived.

8. On May 13, 2016, the U.S. Department of Education Office of Civil Rights and the U.S. Department of Justice Civil Rights Division, issued a joint letter including "significant guidance" to public school systems in the United States relating to the use of locker room and bathroom facilities by "transgender students" (See Exhibit A attached hereto and made a part hereof). Invoking Title IX of the Education Amendments of 1972, the letter makes clear that both federal agencies treat a student's gender identity as the student's sex for purposes of enforcing Title IX.

9. Broadly, the joint letter issued a non-binding directive to public schools that they must allow transgender students to use the bathroom and locker room corresponding with their gender identity. The Department of Justice and the Department of Education noted that schools receiving federal money may not discriminate on a student's sex, which the DOJ says includes a student's transgender status. Schools were informed that failure to accommodate legally entitled students to the necessary accommodations could constitute a violation of the obligations of federally funded schools.

10. The salient provisions of the joint letter which have been adopted by Defendants as the policy of DCPS (and which are the focal point of this litigation), relate to r**estrooms and locker rooms.** In short, a school may provide separate facilities on the basis of sex, but must allow transgender students access to such facilities consistent with their gender identity. Moreover, a school may not require

transgender students to use facilities inconsistent with their gender identity or to use individual-user facilities when other students are not required to do so. The joint letter further stated that no student would be forced to provide documentation (medical or otherwise) to prove their gender identity.

11. Essentially, any child who identifies as a transgender may utilize any bathroom or changing area irrespective of the privacy rights or expectations of any other child.

12. DCPS has affirmed that the district will "continue" to adhere to federal laws and will comply with federal government's directive on transgender students using bathroom corresponding with gender identity.

13. DCPS's blind adoption as its policy of the guidance of the May 13th joint letter, is factually and legally baseless and a blatant violation of the privacy rights of children. It is an attempt to unilaterally revoke and deny long-established rights of bodily privacy in a manner that is wholly inconsistent with the law, and inconsistent with the provision of a safe, nuturing, and supportive educational environment for children during a critical juncture in their lives.

14. Upon information and belief, no transgender student of the DCPS has advanced a claim that the pre-May 13th policy is discriminatory under Title IX.

15. Upon information and belief, prior to the adoption of its May 13th letter guidance DCPS had not conducted or commissioned any scientific or medical study to determine the psychological or developmental consequences upon students of its policy.

16. Plaintiff believes that with respect to her children, that the policy adopted by DCPS will result in significant emotional turmoil, psychological damage,

confusion relating to their own sexual identification, and ultimately distract from or destroy their educational environment.

**COUNT I – DECLARATORY JUDGMENT**

17. Plaintiff re-alleges and incorporates each of the allegations above as if fully set-forth herein.

18. There is an actual controversy between the parties as to the legality of the adoption by DCPS of the May 13th guidance letter.

19. A declaratory judgment will serve a useful purpose in clarifying and settling the legal issues, and will afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

20. Plaintiff's minor children will suffer significant and irreparable harm unless this Court intervenes.

WHEREFORE, Plaintiff demands a Judgment from this Court that the Defendants' policy of allowing students an unfettered right to use the bathroom or changing facility of their choice based on "gender identity" is unlawful, deprives her children the right to bodily privacy, and is antithetical to a safe and supportive environment that would allow her children to thrive and grow.

**COUNT II – INJUNCTIVE RELIEF**

21. Plaintiff re-alleges and incorporates each of the allegations above as if fully set-forth herein.

22. This is an action for injunctive relief.

23. Plaintiff is without an adequate remedy at law.

22. Plaintiff's children face a radical change in their educational environment as a result of DCPS policy and the concomitant violation of their privacy rights. Such a change may have far-reaching effects on her children's emotional and psychological well-being.

WHEREFORE, Plaintiff demands a Judgment from this Court enjoining Defendants from implementing any policy allowing students an unfettered right to use the bathroom or changing facility of their choice based on "gender identity."

Respectfully submitted by:

WESLEY F. WHITE, ESQ.
Florida Bar No. 273392
Attorney for Plaintiff
2579 Oak Street
Jacksonville, FL 32204
Tel: (904) 586-3400
wfwhite@gmail.com

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing and the facts stated in it are true.

Wryshona Isaac, individually and as
the natural parent and guardian of the
minor children referred to therein.